OPINION
Appellant Linda Bernard is appealing the decision of the Perry County Court of Common Pleas, Domestic Relations Division, that denied appellant's request for an extension of time to acquire and prepare a transcript for purposes of filing objections to the magistrate's decision. The following facts give rise to this appeal.
The magistrate issued her decision on October 8, 1997. Appellant decided to file objections to the magistrate's decision and on October 21, 1997, appellant sought an extension of time to file the objections. Appellant also filed a request for a transcript on this date. The extension was necessary due to the fact that counsel had to acquire the tape recording of the proceedings and have it transcribed.
The trial court denied appellant's request for an extension of time on October 23, 1997, even though the request for an extension of time was within the fourteen-day period for filing objections. Appellant filed a request for reconsideration which the trial court denied. On November 13, 1997, the trial court entered a final appealable order adopting the magistrate's decision.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE COURT ABUSED ITS DISCRETION WHEN IT DENIED AN EXTENSION OF TIME TO THE APPELLANT FOR THE ACQUISITION OF A TRANSCRIPT BECAUSE THE EFFECT THAT THIS HAS IS TO DENY APPELLANT'S ABILITY TO APPEAL A COURT DECISION.
 I
Appellant contends, in her sole assignment of error, that the trial court abused its discretion when it denied an extension of time for appellant to acquire a transcript in order to file objections pursuant to Civ.R. 53. We agree.
An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Civ.R. 6(B) governs extensions and provides:
 (B) Time: extension. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request thereunder is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them.
We find the trial court abused its discretion in this case when it denied appellant's request for an extension of time. Appellant filed her request for an extension of time, within the fourteen day period permitted by Civ.R. 53. Appellant had a valid reason for the requested extension because she had to obtain a tape recording of the proceedings and have it transcribed. The transcript is necessary for a meaningful review of appellant's objections. Therefore, we find the trial court abused its discretion when it denied appellant's request for an extension of time.
Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Perry County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Perry County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.